UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALAN SKARI, <br><br> Plaintiff, <br><br> -against- <br><br> RYAN MICHAEL MURNANE, <br><br><br><br> Defendant. | INDEX NO.: <br><br><br> **COMPLAINT AND DEMAND** <br> **FOR JURY TRIAL** <br><br> DOCUMENT ELECTRONICALLY FILED |

Plaintiff, Alan Skari ("Alan" or the "Plaintiff") by and through his attorneys, Scarinci Hollenbeck, LLC, for his claims against Ryan Michael Murnane ("Murnane"and also hereinafter referred to as "Defendant"), respectfully states and alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff is a farmer, residing at 2199 Wittlash Road, Chester, Montana.

2. Defendant Ryan Michael Murnane is, or was, a licensed stockbroker, and resides at 888 Edgewater Avenue, Staten Island, New York, 10309.

3. Alan was solicited over the phone by Murnane to open a brokerage account and invest in stocks. During a period of time that Alan was hospitalized, Murnane churned Alan's brokerage accounts (in 2014 and 2015 and also in subsequent years). Alan was hospitalized and not in touch with Murnane and during this 2014-2015 period, and thereafter, his account was churned by

Murnane. Alan was not monitoring his account for the period of time when he was hospitalized and recuperating from back surgery, and trusted Murnane as his broker throughout the time Murnane was his broker recommending securities transactions to him.

4. The churning of Alan's accounts is shown by the number of trades and turnover ratios, for example, as described in paragraph 11 below, resulting in turnover ratios that are per se proof of churning.

5. Losses in Alan's accounts are a direct result of Murnane's acts of bad faith and his intentional breach of law and rules applicable to Murnane while Murnane was acting in a fiduciary capacity as Alan's trusted stockbroker although not registered to so act in Montana.

6. Alan suffered $500,000 in out of pocket losses and in what Alan's accounts would have earned if Murnane had done his job properly.

7. Jurisdiction is based upon 28 U.S.C. 1332(a)(1), the diversity of the citizenships of Plaintiff and the Defendant; that the claim is for more than $75,000; and, that transactions complained of were directed and effected by Defendant in and from his business office located at 11 Broadway, New York, New York 10004.

8. Venue in this District is appropriate pursuant to 28 U.S.C. 1391.

### FIRST COUNT
### Violation of Montana Securities Commission Order

9. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 8 above, as if fully set forth herein.

10. Murnane, as Alan's financial advisor was required to use reasonable diligence in regard to the opening and maintenance of Alan's accounts, and to act in accord with Alan's best interests when considering and effecting purchases and sales of securities in Alan's accounts. FINRA Rule

2090 provides brokers, such as Defendant, with guidance as to proper and appropriate steps to be taken in opening customer accounts and in maintaining them. FINRA Rule 2111 requires brokers to have a reasonable basis to believe that a recommended transaction or investment strategy is suitable for the customer.

11. Instead of acting properly and in compliance with rules and procedures required of him, Murnane acted in violation thereof that resulted in the prima facie improper churning evidenced, for example, in the turnover ratios in Alan's accounts of 9.6 in 2014 and 22.5 in 2015.

12. Murnane acted in breach of the rules of the State of Montana's Securities Commission, and other laws, rules, regulations and standards of conduct imposed on stockbrokers.

13. As a result of Murnane's violations of Montana's Securities laws and rules, the Montana Securities Commission conducted hearings and determined that, with regard to Alan's brokerage accounts, including Alexander Capital account 88304281 and at Woodstock Financial, as a result of the churning of Alan's accounts by Murnane, Murnane was ordered, on October 16, 2018, to pay Alan the sum of $313,069. The Order of the Montana Securities Commission, as reported on the FINRA Broker Check website, is annexed hereto as **Exhibit 1.**

14. Murnane has failed and refused to pay the ordered amount, or any part thereof.

15. Murnane owes Alan $313,069 plus interest at 9% from October 16, 2018 on the unpaid amount ordered by the Commission.

### SECOND COUNT
### (Breach of Duties of Good Faith and Fair Dealing)

16. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 15 above, as if fully set forth herein.

4822-2266-5155, v. 1

17. The foregoing wrongful activities, which occurred with respect to Alan's accounts while maintained and improperly administered by Defendant constitute breaches of duties owed by Defendant to Plaintiff. Without limitation, these duties include the contractual duties of good faith and fair dealing with Plaintiff.

18. Defendant's failure and refusal to pay Plaintiff the $313,069 directed to be paid to Plaintiff by the order of the Montana Securities Commission dated October 16, 2018, constitutes a breach of Defendant's duty to act in good faith and deal fairly with Plaintiff.

19. As a result of Defendant's bad faith in failing to pay Plaintiff in accord with the Order of the Montana Securities Commission, dated October 16, 2018, and in losses in his brokerage accounts in transactions effected by and through Defendant, Plaintiff suffered losses totaling in excess of $500,000, including out of pocket losses, interest and what the accounts could have earned if properly managed.

## THIRD COUNT
### (Breach of Fiduciary Duty)

20. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 19 above, as if fully set forth herein.

21. Defendant owed Plaintiff certain fiduciary duties, including the duty to use due care and the duties to properly recommend and execute transactions in Plaintiff's brokerage accounts.

22. Instead, Defendant churned Plaintiff's accounts that Defendant managed for Plaintiff.

23. The foregoing wrongful activities, which occurred with respect to Alan's accounts while managed by Defendant constitute the breach of fiduciary duties owed to Plaintiff by Defendant.

24. By reason of the foregoing acts by Defendant, Plaintiff has been damaged in an amount to be proven upon the hearing of these proceedings, but that in any event is not less than a total of $800,000.

## FOURTH COUNT
### (Negligence)

25. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 24 above, as if fully set forth herein.

26. The foregoing wrongful activities, which occurred with respect to Plaintiff's accounts while managed by Defendant constitute negligence by Defendant.

27. Such negligence of Defendant constitutes such reckless conduct as to be willful and intentional.

28. By reason of the foregoing acts by Defendant, Plaintiff has been damaged in an amount to be proven upon the hearing of this action, but that in any event is not less than a total of $800,000.

## FIFTH COUNT
### (Fraud)

29. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 28 above, as if fully set forth herein.

30. As alleged in paragraphs 9 through 15, which set forth specifics of his fraud, Defendant Murnane committed churning, unlicensed trading and other fraudulent acts in dealing with Plaintiff's accounts, causing $800,000 in damages.

**WHEREFORE**, by reason of the forgoing, it is respectfully requested that the Court grant Judgment herein as follows:

4822-2266-5155, v. 1

A.  On Count One, Judgment in the amount of the Order issued by the Montana Commission on October 16, 2018 (see **Exhibit 1**)**,** for $313,069, plus interest at 9% per annum from October 16, 2018 and reasonable attorneys' fees; and

B.  On Counts Two, Three, Four and Five, Judgment in the amount of $800,000, with interest, costs and reasonable attorneys' fees; and

C.  Punitive damages and such other and further relief as the Court deems just, equitable and proper.

## **JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury of all issues triable as of right to a jury.

Dated: New York, New York
       July 21, 2020

**SCARINCI & HOLLENBECK, LLC**

By: _s/Dan Brecher, Esq._
     Dan Brecher, Esq. (DB-5308)
     Attorneys for Plaintiff
     589 Eighth Avenue, 16th Floor
     New York, New York 10018
     Telephone: (212) 784-6902
     Facsimile:  (212) 808-4152
     dbrecher@sh-law.com