UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
ALAN SKARI,

                Plaintiff,

         - against –

RYAN MICHAEL MURNANE,

                Defendant.

------------------------------X

**MEMORANDUM AND ORDER**

20 Civ. 5659 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    Plaintiff Alan Skari ("Skari") commenced this action on July 22, 2020, to enforce a Montana Securities Commission Order. The complaint also brings additional causes of action seeking damages beyond those listed in the Montana order. The claims in the complaint all arise out of allegations that Ryan Michael Murnane ("Murnane"), a formerly licensed stockbroker, "churned" Skari's brokerage accounts at two separate broker-dealers from 2014 to 2015 (as well as in subsequent years) by entering excessive trades in order to generate commissions. The complaint further alleges that Skari, a farmer residing in Montana, was hospitalized during this time period and therefore was not in communication with Murnane regarding these trades. Skari approached the Montana Commissioner of Securities and Insurance ("MCSI") after he realized that he had suffered significant losses in his two accounts. Following an investigation, MCSI determined that

Murnane churned the accounts in question and ordered Murnane to pay $313,069 to Skari.  In this complaint, Skari seeks payment of the $313,069, none of which has been paid.

Following Murnane's failure to answer the complaint, on January 14, 2021, Skari moved for default judgment.  ECF No. 13.

It is well established that a defendant who fails to appear or otherwise defend against a complaint admits every "well pleaded allegation" of the complaint.  *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 63 (2d Cir. 1971).  However, "[a]lthough a default judgment establishes legal liability, courts must still ascertain the amount of damages with reasonable certainty." *Hernandez Gomez v. 4 Runners, Inc.*, 769 F. App'x 1, 2 (2d Cir. 2019).  Two issues arose after the motion for default judgment was filed.

The first issue raised by the Court was a concern related to the Court's independent responsibility to review submissions in a default judgment when analyzing damages. *S.E.C. v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 814 (2d Cir. 1975) ("[U]nless the amount of damages are absolutely certain, the court is required to make an independent determination of the sum to be awarded.").  After reviewing Skari's request for damages, the Court asked for clarification of whether the MCSI order "reflect[ed] unlawful

commissions on top of the loss in the value of the accounts from opening to closing," "an explanation for the discrepancy between the Montana Commissioner's Order and the 'net trading losses in Plaintiff's accounts' calculated from plaintiff's 2016 tax returns," and an explanation as to why the MCSI notices of proposed action (ECF No. 14, Exs. H, G) had different figures from the MCSI final order and the "net trading losses in Plaintiff's account" calculated from Skari's 2016 tax returns.  ECF No. 20.  Skari's counsel acknowledged that due to difficulties stemming from the coronavirus pandemic, he was unable to locate the necessary documents to adequately respond to all of the Court's questions. ECF No. 27-6, at 11.  Skari's response therefore did not resolve the Court's inquiry and concern.  Given that Skari was unable to support damages above those in the Montana order, the award is limited to that entered by the MCSI.

The second issue, which was raised preemptively by Skari, was a concern regarding a discrepancy identified in the address listed for Murnane by Skari's process server, 888 Edgewater Avenue, Staten Island, NY 10309, and the address listed on the Montana Final Commission Order, 888 Edgegrove Avenue, Staten Island, NY 10309. After providing Skari's counsel with an opportunity to resolve the issue, he submitted a letter on September 14, 2021, providing

documents from his process server showing that the correct address at 888 Edgegrove Avenue had been served.  The submission includes a contemporaneous photograph taken by the process server of the residence, along with a photograph of 888 Edgegrove Avenue from a real estate website, which shows that both buildings are the same. The Court has reviewed this submission and is satisfied that service was made at the location identified in the MCSI records.

**CONCLUSION**

Accordingly, judgment is entered in favor of Skari in the amount of $313,069, with pre-judgment interest to run from December 7, 2018, the date of the MCSI order.  Interest will be calculated based on Montana law, MONT. CODE ANN § 25-9-205, which states that the rate shall be equal to the rate for bank prime loans published by the federal reserve, plus 3%.[1] We further note that Skari seeks an award of attorneys' fees.  Given that Skari has failed to provide contemporaneous records or any basis upon which the court could calculate any fee, we do not award attorneys' fees.

The Clerk of the Court is respectfully directed to enter judgment in accordance with this order and close the case.

---

[1] Skari requests 9% interest, which he argues is less than the interest rate authorized in MONT. CODE ANN. § 30-10-309.  ECF No. 27-6, at 3.  The provision that Skari refers to states that the MCSI Commissioner "may further require a person found to have violated 30-10-301 to pay 10% annual interest on the amount of restitution."  MONT. CODE ANN. § 30-10-309.  Skari has provided no evidence indicating that the MCSI ordered 10% annual interest.

-4-

**SO ORDERED.**

Dated:      New York, New York
            September 24, 2021

 

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE